[Cite as *State v. Breeden*, 2026-Ohio-2987.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

HALIE B.R. HAMLIN BREEDEN,

    DEFENDANT-APPELLANT.

CASE NO. 6-26-08

OPINION AND
JUDGMENT ENTRY

Appeal from Hardin County Common Pleas Court
Trial Court No. CRI20252147

Judgment Affirmed

Date of Decision: August 3, 2026

APPEARANCES:

    *Howard A. Elliott* **for Appellant**

    *Morgan S. Fish* **for Appellee**

**WALDICK, J.**

{¶1} Defendant-appellant, Halie B.R. Hamlin Breeden ("Breeden"), appeals the judgment of conviction and sentence entered against her in the Hardin County Court of Common Pleas, following her plea of guilty to multiple felony charges. For the reasons set forth below, we affirm.

*Procedural History*

{¶2} This case originated on October 20, 2025, when a Hardin County grand jury returned a six-count indictment against Breeden, charging her as follows: Count 1 – Aggravated Vehicular Homicide, a second-degree felony in violation of R.C. 2903.06(A)(1); Count 2 – Aggravated Vehicular Assault, a third-degree felony in violation of R.C. 2903.08(A)(1)(a); Count 3 – Operating a Vehicle Under the Influence of Alcohol, a Drug of Abuse, or a Combination of Them, a first-degree misdemeanor in violation of R.C. 4511.19(A)(1)(a); Count 4 – Possession of a Fentanyl-Related Compound, a fifth-degree felony in violation of R.C. 2925.11(A) and (C)(11)(a); Count 5 – Aggravated Possession of Drugs, a fifth-degree felony in violation of R.C. 2925.11(A) and (C)(1)(a); and Count 6 – Possession of Drugs, a fifth-degree felony in violation of R.C. 2925.11(A) and (C)(2)(a).

{¶3} On November 3, 2025, an arraignment was held and Breeden entered an initial plea of not guilty to the indictment.

{¶4} On December 15, 2025, the case was resolved with a negotiated plea of guilty. Pursuant to the plea agreement, Breeden pled guilty to Counts 1, 2, and 6 of the indictment, in exchange for a dismissal of Counts 3, 4, and 5. The trial court accepted Breeden's guilty plea as outlined, and ordered a presentence investigation.

{¶5} On February 17, 2026, a sentencing hearing was held. The trial court sentenced Breeden as follows: Count 1 – an indefinite prison term of 8 years up to a potential maximum of 12 years; Count 2 – a prison term of 60 months; and Count 3 – a prison term of 12 months, with those sentences to be served consecutively.

{¶6} On February 18, 2026, the trial court journalized its sentencing orders.

{¶7} On February 25, 2026, Breeden filed this appeal, in which she raises one assignment of error.

### Assignment of Error

**When a trial court takes a guilty plea to offenses by the Defendant-Appellant, and fails to advise the Defendant-Appellant of any of the matters as set forth in Criminal Rule 11(C)(2)(b), a proper plea of guilty has not taken place, and the pleas must be set aside.**

{¶8} In the sole assignment of error, Breeden argues, in essence, that her guilty plea was not knowing, intelligent, and voluntary. In support of this claim, Breeden asserts that the trial court failed to comply with the dictates of Crim.R. 11(C)(2)(b) prior to accepting Breeden's plea of guilty to the three crimes of which she was ultimately convicted.

{¶9} "All guilty pleas must be made knowingly, voluntarily, and intelligently." *State v. Moll*, 2015-Ohio-926, ¶ 9 (3d Dist.), citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *Engle*, at 527.

{¶10} Guilty pleas in felony cases are governed by Criminal Rule 11(C)(2), which provides in relevant part:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally * * * and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶11} "A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives the

defendant's constitutional rights." *State v. Chambers*, 2023-Ohio-1107, ¶ 9 (3d Dist.), citing *State v. Veney*, 2008-Ohio-5200, ¶ 31. "When a trial court fails to strictly comply with this duty, the defendant's plea is invalid." *Id.* "However, a trial court is only required to substantially comply with the non-constitutional notifications in Crim.R. 11(C)(2)(a) and (b)." *Chambers* at ¶ 9, citing *Veney* at ¶¶ 14-17. "'Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. * * * The test is whether the plea would have otherwise been made.'" *Chambers*, ¶ 10, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

{¶12} In the instant appeal, Breeden asserts in only general terms that the trial court failed to advise her of the effect of the guilty plea as required by Crim.R. 11(C)(2)(b) prior to accepting the same, arguing simply that "the record is completely devoid of any indication the effect of the conviction were [*sic*] explained[.]" (Merit Brief of Appellant, p. 4). However, in support of that claim, Breeden fails to articulate what effect or effects of the guilty plea the trial court neglected to explain, and further fails to reference any specifics in the record regarding the advice of rights provided by the trial court during the change of plea hearing held on December 15, 2025.

{¶13} Pursuant to App.R. 12(A)(2), "[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the

assignment separately in the brief, as required under App.R. 16(A)." App.R. 16(A)(7) provides that "[t]he appellant shall include in its brief * * * [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Put another way, a defendant has the burden of affirmatively demonstrating error on appeal and, if an argument exists that can support an assignment of error, it is not this Court's duty to root it out. *State v. Moore*, 2019-Ohio-2633, ¶ 10 (3d Dist.).

{¶14} Thus, this Court could decline to address Breeden's assignment of error on the basis that the argument in support of her claim has not been sufficiently presented for review and that her claim has not been supported by the required reference to the parts of the record on which she relies. However, while this Court could disregard the assignment of error due to Breeden's failure to file a rule-compliant brief, we will review her claim in the interest of justice. *State v. Clark*, 2014-Ohio-4873, ¶ 12 (3d Dist.).

{¶15} Upon a full review of the change of plea hearing held in this case on December 15, 2025, we conclude that Breeden's contention that the trial court failed to comply with Crim.R. 11(C) and, specifically, failed to inform her of the "effect" of her plea, lacks merit.

{¶16} At the start of the change of plea hearing, the trial court had the prosecutor recite the plea agreement, including the fact that there was no agreement

as to a joint sentencing recommendation. Following that, the trial court addressed defense counsel, who confirmed that the state's recitation was accurate, that he and Breeden had had adequate time to discuss the matter, and that he felt Breeden understood the terms of the negotiated plea.

{¶17} The trial court then addressed Breeden directly, inquiring first into her educational background and her ability to understand the English language, as well as confirming that she was not under the influence of alcohol or drugs and, further, confirming that her attorney had answered any questions she had about the ramifications of the plea agreement. The trial court also explained to Breeden that the victims in the case could potentially file a civil lawsuit and that her plea of guilty could be used against her in any such civil case.

{¶18} Breeden was accurately informed of, and indicated she understood, the maximum penalties for the three charges to which she was pleading guilty, including the mandatory and indefinite nature of the sentence required on Count 1 and the post-release control to which she would be subject to upon release from prison.

{¶19} The trial court advised Breeden that, by pleading guilty, she would no longer be presumed innocent. The trial court advised Breeden of the various rights that she was giving up by pleading guilty, including her right to a trial by jury at which the state would be required to prove her guilty beyond a reasonable doubt and at which she would have the right to remain silent, her right to confront through cross-examination the witnesses against her, and her right to compulsory process to

subpoena witnesses on her own behalf. In response, Breeden acknowledged that she understood those rights and that, by pleading guilty, she was waiving those rights.

{¶20} The trial court further advised Breeden that a plea of guilty is a complete admission to the charge and, upon inquiry, Breeden indicated she understood that. The trial court also advised Breeden that there was no agreed sentencing recommendation in the case, that the prosecution was free at sentencing to request that the court impose any sentence set by law, and that the trial court could order that the sentences run consecutively or concurrently.

{¶21} Breeden was also notified by the trial court that she would lose certain civil liberties as a convicted felon, including her right to vote, her right to hold public office, her eligibility for certain types of licenses, and her right to keep and bear arms. Breeden again acknowledged her understanding of the rights she was waiving by pleading guilty.

{¶22} A written negotiated plea agreement and waiver of rights form was also presented to the trial court, which the trial court discussed with Breeden, and which Breeden acknowledged she had reviewed and understood before initialing and signing the same.

{¶23} Following the lengthy and detailed colloquy and the presentation of the written plea agreement and waiver of rights form, the trial court again read each charge to Breeden that was at issue in the negotiated plea arrangement, including

the degree of felony involved for each charge, and asked how she wished to plead. Breedon responded, "Guilty" all three times.

{¶24} Thus, the transcript of the change of plea hearing demonstrates that the trial court complied with Crim.R. 11(C), explained all of Breeden's constitutional and non-constitutional rights enumerated under the rule, confirmed that she was waiving those rights in an informed manner, and confirmed that her decision to plead guilty was being made intelligently and voluntarily.

{¶25} On the basis of the record before this Court, Breeden has not demonstrated that her plea was anything less than knowing, intelligent, and voluntary, nor has she established that the trial court failed to comply with Crim.R. 11(C) as required by law.

{¶26} The assignment of error is overruled.

*Conclusion*

{¶27} Having found no error prejudicial to the defendant-appellant in the particulars assigned and argued, the February 18, 2026 judgment of Hardin County Court of Common Pleas is affirmed.

***Judgment affirmed***

**ZIMMERMAN, P.J., and WILLAMOWSKI, J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

_____
Juergen A. Waldick, Judge

_____
William R. Zimmerman, Judge

_____
John R. Willamowski, Judge

DATED:
/jlm